H. Scott Beims, Attorney Rawlins County Health Center 707 Grant Street P.O. Box 47 Atwood, Kansas 67730
Dear Mr. Beims:
You request our opinion on the legality and wording of a proposed county resolution, wherein the county proposes to levy a tax pursuant to K.S.A. 19-4606. The resolution in question requests that the matter be put to the voters and the proposed election question reads in pertinent part:
 "SHALL THE FOLLOWING BE AUTHORIZED? That the Rawlins County Health Center shall have the authority to impose a county tax levy, for its maintenance and operation, of not more than thirteen (13) mills per year, for the tax years 2004, 2005, 2006, 2007, 2008 and 2009, with the authorization for said tax levy to be continued for the years 2010, 2011, 2012, 2013, 2014 and 2015, subject to a possible protest petition as provided for in K.S.A. 19-4606(a) in 2008."
K.S.A. 19-4606 provides:
 "(a) The commission or, in the case of an elected board, the board may annually levy a tax for the purpose of operating, maintaining, equipping and improving any hospital managed and controlled under the provisions of this act and for the purpose of paying a portion of the principal and interest on bonds issued under the authority of K.S.A. 12-1774, and amendments thereto. The commission or, in the case of an elected board, the board may levy such tax in any amount not exceeding six mills in any year without an election as provided in subsection (c) and such tax shall not be subject to or within any aggregate tax levy limit prescribed by law. . . . (c) the commission or, in the case of an elected board, the board shall not levy any tax exceeding six mills under authority of subsection (a) or in the case of the commission, issue general obligation bonds under authority of subsection (b) until the levy of such tax or the issuance of such bonds has been authorized by resolution of the commission and approved by a majority of the qualified electors of the county
voting on such question at a regular county primary or county general election or, if no regular county election is to be held within six months from the date of adoption of the resolution, at a special election called by the commission for the purpose of submitting such question to the qualified electors. The increase in any tax levy authorized by any such election shall not be subject to or within any aggregate tax levy limit prescribed by law."[1]
The proposed levy would exceed the six mill limit. Thus, the matter must be put to the electors. The voters are asked to vote upon a levy that could last for up to twelve years, with the possibility of repeal by the voters in the year 2008.
Any tax levy for funding county hospitals under K.S.A. 19-4606 that exceeds six mills must be authorized by resolution of the board of county commissioners and approved by a majority of the qualified electors voting on such question.[2] However, once the electors of Rawlins county approve a tax levy that exceeds the levy limitations, it has been our opinion that they do not have the power to mandate an election to be held to determine whether to repeal the current county hospital levy.[3]
Voter approval of a specific mill levy is not generally required on an annual basis.[4] Once a mill levy has been legally established, it remains in place until legally changed. We find no statutory authority or case law which alters the conclusions reached in prior Attorney General Opinions concerning K.S.A. 19-4606 authority and procedures related to exceeding the six mill levy limit. Thus, it is our opinion that the results of voter approval of the proposed resolution would be lawful. The voters of Rawlins county can, if they wish to do so, authorize a thirteen mill levy for the next six to twelve years, with the only possibility of voter repeal of that levy made subject to a protest petition which must be brought forward in 2008.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
PK:JLM:TMN:jm
[1] Emphasis added.
[2] Attorney General Opinion No. 2002-36.
[3] Attorney General Opinion No. 91-137.
[4] See, e.g., Attorney General Opinion No. 90-57 ("the governing body of the municipality may levy in the next succeeding year and in each succeeding year thereafter the amount specified in the ordinance or resolution. . .").